UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JANE DOES 1–9 AND JOHN DOES 1–3, <br><br> Plaintiffs, <br><br> v. <br><br> KASHYAP P. PATEL, *et al.* <br><br> Defendants. | Civil Action No. 25-4258 |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs are twelve former FBI Special Agents who allege that they were summarily dismissed from the FBI in September 2025 in retaliation for actions they took five years ago to de-escalate civil unrest in downtown Washington, D.C., following the death of George Floyd. See ECF No.1 (Compl.), ¶¶ 19–31, 52–75, 83–87, 93–108.  Asserting that the terminations violated their First and Fifth Amendment rights, id., ¶¶ 138–75, they seek declaratory and injunctive relief, including reinstatement, expungement of personnel records, and backpay.  Id. at 46.  They now move to proceed pseudonymously, contending that public identification would expose them and their families to immediate risk of doxing, harassment, and physical harm and would also significantly impair their ability to perform sensitive law-enforcement work if reinstated.  See ECF No. 2 (Mot.) at 2.

The Court will grant the Motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned.  See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint").

1

I.	**Legal Standard**

Generally, a complaint must identify the plaintiffs. See Fed. R. Civ. P. 10(a); LCVR 5.1(c)(1), 11.1. That requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)). A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name." In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020). As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test. Id. (quoting In re Sealed Case, 931 F.3d at 96). That test assesses "five non exhaustive factors":

>	(1)  whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of a sensitive and highly personal nature;
>
>	(2)  whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
>
>	(3)  the ages of the persons whose privacy interests are sought to be protected;
>
>	(4)  whether the action is against a governmental or private party; and relatedly,
>
>	(5)  the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.
>
>	Id. at 326–27 (cleaned up).

**II.     Analysis**

Plaintiffs have shown that their interest in pseudonymity outweighs the public's interest in learning their identities.

First, Plaintiffs are not seeking anonymity "merely to avoid the annoyance and criticism that may attend any litigation." In re Sealed Case, 971 F.3d at 326. This factor favors pseudonymity when identifying a plaintiff would expose information whose disclosure could threaten the plaintiff's safety. Sponsor v. Mayorkas, 2023 WL 2598685, at *2 (D.D.C. Mar. 22, 2023); Doe v. Fed. Republic of Germany, 680 F. Supp. 3d 1, 4–5 (D.D.C. 2023). As Plaintiffs' Motion helpfully notes, moreover, the D.C. Circuit has repeatedly recognized that FBI agents — unlike most litigants — have a longstanding and legitimate interest in preserving the confidentiality of their identities when disclosure could subject them to harassment or danger. See Lesar v. DOJ, 636 F.2d 472, 487 & n.88 (D.C. Cir. 1980); Baez v. DOJ, 647 F.2d 1328, 1339 (D.C. Cir. 1980); Armstrong v. Exec. Off. of the President, 97 F.3d 575, 581–82 (D.C. Cir. 1996). Plaintiffs allege that they previously worked in counterterrorism, counterintelligence, and other sensitive investigative roles, and that their terminations have drawn significant public attention. See Mot. at 2, 6 & n.5. Given that background, and in light of the increasing incidence of doxing and SWATting directed at law enforcement, id. at 5 (citing FBI Security Division memo and DHS press release identifying such risks), publicly linking their names to this litigation could materially increase the risk that they or their families will be targeted or subjected to physical or mental harm. For this reason, the first factor weighs in favor of pseudonymity.

The second factor asks "whether identification poses a risk of retaliatory physical or mental harm." Sealed Case, 971 F.3d at 326. Courts in this district have sometimes observed

3

that when identifying a plaintiff would expose the plaintiff to danger, the same facts that support the first factor also satisfy the second. Sponsor, 2023 WL 2598685, at *2; Doe v. Germany, 680 F. Supp. 3d at 5. Whether the risks alleged here are best categorized as implicating Plaintiffs' privacy interests under factor (1) or their safety interests under factor (2) is ultimately of little consequence. What matters is that Plaintiffs allege a credible and non-speculative threat of retaliatory harm, as described above. The Court therefore concludes that the second factor also favors pseudonymity.

The third factor addresses the ages of the individuals whose privacy interests are at stake. Plaintiffs are all adults, so this factor typically weighs against pseudonymity. Plaintiffs argue, however, that disclosure would also threaten the safety of their minor children, who "in some cases shar[e] uncommon last names." See Mot. at 8. Given the "common privacy interest" that Plaintiffs share with their minor children, this factor overall provides modest weight for Plaintiffs. J.W. v. District of Columbia, 318 F.R.D. 196, 201 (D.D.C. 2016); see also J. v. District of Columbia, No. 23-1279, ECF No. 3 (Mem. Op. & Order) at 4 (D.D.C. May 9, 2023) (factor favored pseudonymity; "although Plaintiffs are adults, they share common privacy interests with their minor child due to their intractably linked relationship") (cleaned up).

The fourth factor tips the scale further in favor of pseudonymity. That factor, the defendant's identity, usually favors pseudonymity when a plaintiff sues the government, J.W., 318 F.R.D., at 201, as is the case here. This factor additionally takes into account whether the plaintiff is requesting individualized relief. See, e.g., Doe v. Blinken, No. 24-1629, ECF No. 3 (Mem. Op. & Order) at 5 (D.D.C. June 11, 2024) ("When a plaintiff requests individualized relief against a government defendant[,] . . . the fourth factor favors pseudonymity."). And

Plaintiffs do here, asking for reinstatement, expungement of personnel records, and backpay based on their own terminations.  See Compl. at 46.  That weighs in favor of pseudonymity.

Finally, allowing Plaintiffs to proceed pseudonymously would not prejudice Defendants. This factor favors pseudonymity when defendants already know the plaintiffs' identities.  In re Sealed Case, 971 F.3d at 326 n.1.  Plaintiffs were terminated by the FBI shortly before filing this action, and they have agreed to submit their identities to Defendants for review under seal.  See Mot. at 9.  Defendants therefore suffer no litigation disadvantage if Plaintiffs proceed under pseudonyms.

Taking all five factors together, Plaintiffs have demonstrated that proceeding under pseudonyms is warranted.

The Court therefore ORDERS that:

1. Plaintiffs' [2] Motion to Proceed Under Pseudonyms is GRANTED, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;

2. All parties shall use the pseudonyms listed in the Complaint in all documents filed in this action; and

3. Within fourteen days of this Order, Plaintiffs shall file:

    i. A pseudonymous version of their [2] Motion on the public docket; and

    ii. A sealed declaration containing their real names and residential addresses.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date:  December 15, 2025

5